UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| JACK KEITH, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:20-cv-00766-CHB |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES E. BRUCE, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on two motions. First, Defendant James E. Bruce filed a Motion to Dismiss Plaintiff's Complaint [R. 6]. Plaintiff Jack Keith responded [R. 9], and Defendant replied to Plaintiff's Response [R. 11]. Second, Plaintiff filed a Motion for Leave to File His First Amended Complaint ("Motion for Leave") [R. 8]. Defendant responded to the Motion for Leave [R. 12].[1] Both motions are ripe for review. For the reasons discussed below, the Court will grant Defendant's Motion to Dismiss [R. 6] and deny Plaintiff's Motion for Leave [R. 8].

## I.   Background

This action arises from a debt-payment dispute. On May 2, 2019, Plaintiff Jack Keith borrowed $2,648.09 from loan company Mariner Finance, LLC. [R. 1 (Complaint), ¶¶ 6, 8; R. 6, p. 3; R. 6-1, p. 4] The terms of the loan included a "finance charge" (essentially pre-computed interest) of $1,717.63. [R. 1 (Complaint), ¶ 8; R. 6-1, p. 4] The principal was due on May 2, 2022. [R. 6, p. 3; R. 6-1, p. 4] By the terms of the loan agreement, if Plaintiff defaulted on his

---

[1] Defendant filed a Combined Reply in Support of His Motion to Dismiss and Response in Opposition to Plaintiff's Motion for Leave, which was docketed both at [R. 11] and at [R. 12]. Because these filings are two copies of the same document, the Court will refer to [R. 12] when referring to the document.

payments, a portion of the pre-computed and unearned interest/finance charge would be rebated. [R. 6, p. 4; R. 6-1, p. 4]

In August 2019, Plaintiff defaulted on his payments. [R. 1 (Complaint), ¶ 9; R. 6-1, p. 2] Mariner contracted with Defendant James E. Bruce, an attorney, to recover the balance of the loan. [R. 6, p. 4; R. 6-1, pp. 2–3] On August 29, 2019, Defendant filed a collection complaint on behalf of Mariner in Jefferson District Court. [R. 6, p. 4; R. 6-1, pp. 2–3] The state-court complaint requested $3,096.56 for the balance of the loan—representing the principal, finance charges and late charges, less pre-computed interest subject to rebate—as well as attorney's fees. [R. 6, p. 4; R. 6-1, p. 2]

On October 18, 2019, Defendant moved for default judgment ("First Motion for Default Judgment") on the collection complaint, again for $3,096.56, plus attorney's fees calculated at $1,021.18 (1/3 of the collection amount). [R. 6-2, pp. 2–4; R. 8-4] On November 12, 2019, the Jefferson District Court denied the motion, remarking that the attorney's fees sought were unreasonable and that Defendant's motion lacked a balance estimate amount.[2] [R. 8-4] Three days later, on November 15, 2019, Defendant again moved for default judgment ("Second Motion for Default Judgment") in the amount of $3,096.56, plus attorney's fees. [R. 8-6] This time, Defendant reduced the requested attorney's fees to $464.48, or 15% of the collection amount. *Id.* The court denied Defendant's Second Motion for Default Judgment, this time finding that the alleged judgment amount was incorrect because Defendant undercalculated the prepaid interest subject to rebate.[3] *Id.* Defendant maintains that the state court miscalculated the amount of interest subject to rebate and that his calculations were correct. [R. 6, p. 5]

---

[2] The court's remarks read, in full, "Denied. 1. atty. fees – 15% = reasonable[.] 2. Need acc. balance est. amt." [R. 8-4]
[3] The remarks read, "Denied – acc. ledger shows pre-computed int. as $1,657.63 not $1,314.16[.] Therefore, judg. amt. is wrong (should be $2,753.09)[.]" [R. 8-6]

On November 13, 2020, Plaintiff sued in this Court, claiming two violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Specifically, Plaintiff alleges that Defendant violated the FDCPA first "by misrepresenting the amount and status of [the] Mariner Note in the Second Motion for Default and [second] by adding interest and/or fees to the amount claimed due under the Mariner Note that Mariner had no legal right to collect from Mr. Keith." [R. 1, ¶ 15] Defendant filed a Motion to Dismiss [R. 6], arguing that Plaintiff's claims are time barred under the FDCPA's one-year statute of limitations, 15 U.S.C. § 1692k. Defendant asserts that the limitations period started to run on August 29, 2019, when the collection complaint was filed in state court, and Plaintiff's Complaint was filed over fourteen months later, on November 13, 2020. *Id.* at 12–13.

On February 15, 2021, Plaintiff filed a Motion for Leave to Amend Complaint [R. 8], attaching a Proposed First Amended Complaint [R. 8-1], and responded to the Motion to Dismiss. [R. 9] In the Response, Plaintiff argues that the Complaint and Proposed Amended Complaint were timely filed because they are based on new, different violations of the FDCPA that arose upon Defendant's filing of the Second Motion for Default Judgment on November 15, 2019 (not the original state-court collection complaint). [R. 9, pp. 6–8] Plaintiff's Proposed Amended Complaint repeats the original two claims from the Complaint and adds two additional claims based on Defendant's filing of the Second Motion for Default Judgment. [R. 8-1 (Proposed Amended Complaint), ¶ 15] Defendant replied and simultaneously responded to the Motion for Leave, arguing that the Court should not give leave to amend because the amendments would be futile. [R. 11; R. 12]

## II. Standards

A. <u>Motion to Dismiss</u>

Dismissal is proper pursuant to Fed. R. Civ. P. 12(b)(6) where the plaintiff "fails to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is factually plausible if the complaint contains factual allegations that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. To meet this plausibility standard, the complaint must contain more than "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* In order to survive a Rule 12(b)(6) motion, the complaint must "contain either direct or inferential allegations respecting all material elements necessary for recovery under a viable legal theory." *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014). The "complaint is viewed in the light most favorable to [the plaintiff]; the allegations in the complaint are accepted as true, and all reasonable inferences are drawn in [the plaintiff's] favor." *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016).

A statute of limitations defense is properly raised by a Rule 12 motion to dismiss when the complaint shows that the action was not brought within the statutory period. *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978); *Duncan v. Leeds*, 742 F.2d 989, 991 (6th Cir. 1984) If "the time alleged in the complaint" clearly demonstrates that "the action was not brought within the statutory period," the plaintiff's claims are barred. *Rauch*, 742 F.2d at 991.

B.  <u>Motion for Leave to Amend Complaint</u>

A plaintiff may amend its complaint as a matter of course within 21 days from the original complaint or a responsive pleading. Fed. R. Civ. P. 15(a)(1). After that 21-day window, a plaintiff "may amend its pleading only with the opposing party's written consent or the court's

leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* Courts generally only deny leave to amend for three reasons: "when there has been undue delay, when an amendment would be futile, or when the amendment would prejudice the other party." 3 James Wm. Moore et al., *Moore's Federal Practice – Civil* § 15.14 (3d ed.); *accord United States ex rel. Customs Fraud Investigations, LLC. v. Victaulic Co.*, 839 F.3d 242, 249 (3d Cir. 2016); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962)). An amendment is futile "if the amended complaint would not withstand a motion to dismiss for failure to state a claim." *Doe v. Mich. State Univ.*, 989 F.3d 418, 427 (6th Cir. 2021); *accord Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

### III. Discussion

#### A. Motion to Dismiss

Congress enacted the FDCPA to eliminate abusive, deceptive, and unfair debt collection practices by regulating the collection methods of debt collectors. *See Purnell v. Arrow Fin. Servs., LLC*, 303 F. App'x 297, 301 (6th Cir. 2008). The FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. It also prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." § 1692f. The statute applies to the litigation activities of lawyers. *Heintz v. Jenkins*, 514 U.S. 291, 299 (1995). When a plaintiff brings an FDCPA claim, the court tests the claims under the "least sophisticated consumer standard," meaning "whether the least sophisticated consumer would be misled by the defendant's actions." *Wallace v. Wash. Mut. Bank, F.A.*, 683 F.3d 323, 326–27 (6th Cir. 2012). The FDCPA imposes a one-year statute of limitations. § 1692k(d) ("An action to enforce any liability created by this title may be brought in any appropriate United States district court

without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.").

Turning first to the allegations in the original Complaint, Plaintiff alleges two violations of the FDCPA. [R. 1 (Complaint), ¶ 15] Rather than anchoring his claims to the state-court collection complaint, Plaintiff instead cites to Defendant's actions in filing the Second Motion for Default Judgment on November 15, 2019. *Id.* Specifically, Plaintiff alleges that Defendant violated the FDCPA first "by misrepresenting the amount and status of [the] Mariner Note in the Second Motion for Default and [second] by adding interest and/or fees to the amount claimed due under the Mariner Note that Mariner had no legal right to collect from Mr. Keith." *Id.* Essentially, Plaintiff's Complaint alleges Defendant sought interest and fees that were not recoverable under the Note.

In his Motion to Dismiss, Defendant argues Plaintiff's Complaint is untimely because the limitations period starts to run on FDCPA claims when the violation first occurs. [R. 6, pp. 7–8] Defendant argues any alleged violation first occurred when he filed the collection complaint in state court on August 29, 2019 (since that collection complaint contained the same monetary request for $3,096.56 that the state court denied in ruling on the First and Second Motions for Default). *Id.* Defendant argues that Plaintiff's Complaint, filed over fourteen months later on November 13, 2020, is untimely. *Id.* at 12–13. Plaintiff argues that the Complaint was timely filed because it was based on new, different violations of the FDCPA that arose upon Defendant's filing of the Second Motion for Default Judgment on November 15, 2019. [R. 9]

When a debt collector makes a deceptive request for payment in violation of the FDCPA, the statute of limitations begins to run when the debt collector first makes the request, not when it files for judgment on that request. *See Smith v. Lerner, Sampson & Rothfuss, L.P.A.*, 658 F.

6

App'x 268, 273 (6th Cir. 2016). In *Smith*, the debtor brought an FDCPA claim more than one year after an initial foreclosure action commenced but less than a year after the bank objected to the debtor's plan in a related bankruptcy proceeding. *Id.* The Sixth Circuit rebuffed the debtor's argument that the statute of limitations ran from the objection in the bankruptcy proceeding, holding that the bank's actions in the bankruptcy proceeding were simply meant to enforce the earlier foreclosure action. *Id.* ("Smith also argues that his claim is timely based on Bank of America's January 6, 2014 objection in bankruptcy court . . . , however, . . . [t]he filing was . . . simply an action that gave 'continuing effect' to Bank of America's initial assertion that it had an interest in the mortgage . . . ."); *see also Slorp v. Lerner, Sampson & Rothfuss*, 587 F. App'x 249, 259 (6th Cir. 2014) ("The defendants did not commit a fresh violation of the FDCPA each time they filed pleadings or memoranda reaffirming the legitimacy of their state-court suit; rather, those were the continuing effects of their initial violation.").

Similarly, in *Feder v. SB2, Inc.,* No. 1:18-cv-274, 2020 U.S. Dist. LEXIS 35288, at *13–15 (S.D. Ohio Mar. 2, 2020), the plaintiff argued that the debt collector's filing of a motion for default judgment was a distinct FDCPA violation that "refreshed" the statute of limitations for her claim. Citing *Slorp*, the court held that "Defendants' filing of the state court motion for default judgment does not constitute a FDCPA violation independent from the filing of the state court lawsuit." *Id*. at *15.

Although Plaintiff attempts to hitch his claims to the Second Motion for Default Judgment, the limitations period for those claims began to run when the violation first occurred—that is, when Defendant filed the state-court complaint on August 29, 2019 making Mariner's initial assertion for interest and fees—or certainly no later than Defendant's First Motion for Default Judgment, filed on October 18, 2019. [R. 6-1, pp. 2–3; R. 6-2, pp. 2–4]; *see*

7

*Smith*, 658 F. App'x at 273. The Court finds that Defendant's Second Motion for Default Judgment does not constitute a separate, independent FDCPA violation as it relates to the original claims for interest and fees under the Note. Rather, this filing simply gave "continuing effect" to Mariner's initial assertion for interest and fees in its state-court complaint. *Id.* This was simply a single attempt to collect a debt. The statute of limitations on Plaintiff's FDCPA claims began to run on August 29, 2019 (and certainly no later than October 18, 2019). Plaintiff filed his Complaint in this Court on November 13, 2020, over a year after the limitations period began to run. The Complaint must be dismissed as time barred under Federal Rule of Civil Procedure 12(b)(6).

    B.  Motion for Leave to Amend Complaint

    Simultaneously with filing his Response to the Motion to Dismiss on February 15, 2021, Plaintiff also filed a Motion for Leave to File His First Amended Complaint. [R. 8] Plaintiff's Proposed Amended Complaint repeats the original two claims from the Complaint and adds two additional claims based on Defendant's filing of the Second Motion for Default Judgment. [R. 8-1 (Proposed Amended Complaint), ¶ 15] Those new claims allege that Defendant violated the FDCPA first by "refiling the identical motion for default [judgment] . . . in hopes of catching an overburdened District Court napping and unaware of his failure to address the Court's express rulings as to the deficiencies and errors committed in the First Motion," and second by moving for the same amount of attorney's fees after having been denied on the first motion. *Id.* at 6–9.

    Here, the Proposed Amended Complaint was filed over 21 days after Defendant's Motion to Dismiss, which means the Court cannot accept it as a matter of course under Rule 15(a)(1). *See Hayes v. District of Columbia*, 275 F.R.D. 343, 345 (D.D.C. 2011). Defendant offers three

arguments for why the claims in the Proposed Amended Complaint are futile and leave should be denied.

First, Defendant argues the repeat claims in the Amended Complaint related to improper interest and fees (which are copied from the original Complaint) are time barred for the reasons stated in the Motion to Dismiss. [R. 12, pp. 4–5] The Court agrees that these repeat claims are time barred. *See supra* Section III.A.

Second, Defendant argues that the new allegation involving attorney fees—namely, that Defendant requested the same amount in attorney's fees in both default judgment motions—is blatantly false, as shown by Plaintiff's own exhibits. *Id.* at 5–6. Defendant maintains he reduced the amount of attorney's fees requested in the Second Motion for Default Judgment from $1,032.18 to $464.48. [R. 12, pp. 5–6] Plaintiff's own exhibits submitted with the Proposed Amended Complaint prove Defendant right. Defendant requested $1,032.18 in attorney's fees in the First Motion for Default Judgment, which the state court flagged as unreasonable. [R. 8-4] He requested $464.48 in attorney's fees in the Second Motion for Default Judgment. [R. 8-6] Because Plaintiff's own exhibits[4] show this claim to be false, the claim cannot withstand a motion to dismiss under Rule 12(b)(6). *See Gipson Mech. Contractors, Inc. v. U.A. Loc. 572*, 362 F. Supp. 3d 451, 454 n.2, 461–62 (M.D. Tenn. 2019) (granting in part a motion to dismiss based on exhibits attached to the complaint).

Third, Defendant argues that Plaintiff's new claim involving "candor to the court" related to the Second Motion for Default Judgment—specifically that Defendant "refil[ed] the identical motion for default [judgment] . . . in hopes of catching an overburdened District Court napping

---

[4] The Court "may consider the Complaint and any exhibits attached thereto . . . so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

and unaware of his failure to address the Court's express rulings as to the deficiencies and errors committed in the First Motion" [R. 8-1 (Proposed Amended Complaint), ¶ 15]—would not withstand a motion to dismiss on both procedural and substantive grounds. On procedural grounds, Defendant argues that this claim is time barred under the statute of limitations because the Proposed Amended Complaint was filed over a year after Defendant's Second Motion for Default Judgment, and the claim does not relate back to the original Complaint. [R. 12, pp. 10–12] On the merits, Defendant argues that this claim is not actionable under the FDCPA. *Id.* at 7–10. Plaintiff failed to reply to Defendant's arguments opposing the Motion for Leave.

On the procedural argument, when a plaintiff amends its complaint to include allegations where the statute of limitations has already run, the allegations will be considered timely where the allegations relate back to the original complaint (so long as the original complaint is timely). Fed. R. Civ. P. 15(c). A claim in the amended complaint relates back to the original complaint if it "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). The Sixth Circuit has interpreted Rule 15(c)(1)(B) to be met "if the original and amended complaints allege the same 'general conduct' and 'general wrong.' For if the original complaint puts a defendant on notice of the plaintiff's general claim, then new allegations that merely build on that claim should come as no surprise." *Norfolk Cty. Ret. Sys. v. Cmty. Health Sys.*, 877 F.3d 687, 694 (6th Cir. 2017).

Even assuming the new claims relate back to the original Complaint, the original Complaint itself was untimely. Section III.A, *supra*; *see United States ex rel. Miller v. Bill Harbert Int'l Constr.*, 505 F. Supp. 2d 1, 19 & n.32 (D.D.C. 2007) ("As this Court has previously found, an amended complaint may not relate back to an untimely original complaint."); *Ferrero v. Henderson*, No. C-3-00-462, 2003 WL 21796381, at *8 (S.D. Ohio June 24, 2003).

But even setting this aside, the Court finds that the lack-of-candor claim arising from the filing of the Second Motion for Default Judgment does not relate back to the original Complaint. The gravamen of the original Complaint is that Defendant improperly sought interest and fees Mariner was not entitled to under the Note. [R. 1 (Complaint), ¶ 15] The gravamen of the new claim is essentially that Defendant attempted to trick the state court by filing an identical Second Motion for Default Judgment without advising the state court of the procedural posture of the case. [R. 8-1, ¶ 15] These are two separate actions that constitute two distinct wrongs. In fact, Plaintiff concedes as much, arguing that it was "the act of refiling the Second Motion for Default [Judgment] that was identical to the First Motion for Default [Judgment] without any notice to the Jefferson District Court of its prior ruling . . . [that] *is also a distinct claim* that accrued upon the filing of the Second Motion for Default [Judgment]." [R. 9, p. 11 (emphasis added)]. As such, the claim in the Proposed Amended Complaint cannot relate back to the original Complaint. *See Norfolk Cty. Ret. Sys.*, 877 F.3d at 694; *Glover v. F.D.I.C.*, 698 F.3d 139, 147 (3d Cir. 2012).

Further, the mere fact that both sets of claims refer to the Second Motion for Default Judgment is not controlling. In *Glover*, the debtor's original complaint alleged that the debt collector violated the FDCPA via a debt-collection phone call and by filing a foreclosure complaint demanding payment of purportedly unlawful fees. 698 F.3d at 146–47. The proposed amended complaint alleged an FDCPA violation based on another action related to the foreclosure complaint: the collector's failure to withdraw the foreclosure complaint after the debtor entered into a loan modification agreement. *Id.* at 146. Because the amended complaint focused on a different action than the original complaint—the allegations in the foreclosure complaint compared to the act of not withdrawing it—the court held that the original complaint

11

did not give the collector notice of the new allegations. *Id.* at 147. *Glover* demonstrates relation back is only appropriate if the new claim arises from the same conduct or transaction as before, such that the original Complaint would have put the defendant on notice of the new claim. Here, Plaintiff's original Complaint (alleging Defendant sought fees and interest to which Mariner was not entitled) would not have placed Defendant on notice that he would also face an allegation of lack of candor to the Court. The Proposed Amended Complaint contains claims stemming from a wholly different occurrence, and relation back is inappropriate. Accordingly, the Court finds that this claim is untimely and would not withstand a motion to dismiss under Rule 12(b)(6).

Alternatively, Defendant argues Plaintiff's "candor to the court" claim is not actionable under the FDCPA. [R. 12, pp. 7–10] Plaintiff alleges that Defendant violated 15 U.S.C. § 1692e, which prohibits "false, deceptive, or misleading representation or means in connection with the collection of any debt," by filing an identical motion and failing to disclose to the state court that his first request for default judgment had been previously denied. [R. 8-1 (Proposed Amended Complaint), ¶ 15] Defendant notes that the state court did not sanction him or otherwise act on his lack of candor regarding the Second Motion for Default Judgment. [R. 12, pp. 8–9] Defendant argues that, at most, he violated a state-court procedural rule, and procedural errors do not amount to FDCPA violations. *Id.* Defendant also argues that allowing Plaintiff's claim to proceed would "compel absurd results" in contravention of the FDCPA. *Id.* at 8 (emphasis removed) (quoting *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich*, *L.P.A.*, 559 U.S. 573, 600 (2010)).

First, Plaintiff's allegation that Defendant filed an identical motion on the second go-round is simply false. *See supra* p. 9 (discussion regarding attorney fees). Further, the allegations in the Proposed Amended Complaint, fairly construed, do not support that Defendant made a

12

"false, deceptive, or misleading representation" to the state court (and certainly not to Plaintiff) by failing to remind that court of its previous denial of Defendant's First Motion for Default Judgment. But even assuming so, this omission is akin to a violation of a state-court procedural rule that does not give rise to an FDCPA claim. *See Anglin v. Merchants Credit Corp.*, 18-cv-507-BJR, 2020 WL 4000966, at *5 (W.D. Wash. July 15, 2020) (dismissing plaintiff's FDCPA claim based on alleged procedural violations of state garnishment law and holding that "[g]enerally, such procedural mishaps in state court cannot be the basis for a FDCPA claim" (collecting cases)).

In *Smith v. Stewart, Zlimen & Jungers, Ltd.*, 990 F.3d 640, 645 (8th Cir. 2021), the Eighth Circuit dismissed the plaintiff's FDCPA claim under § 1692e based on the plaintiff's claim that the defendant's state-court pleading incorrectly alleged it was entitled to the debt and filing fees "*plus disbursements.*" Citing its prior holdings, the *Smith* Court recognized that "although representations made to third parties (*e.g.*, courts) can be 'false, deceptive, or misleading' a party does not violate § 1692e by articulating its 'good faith legal position.'" *Id.* at 646 (quoting *Haney v. Portfolio Recovery Assocs.*, 895 F.3d 974, 989–90 (8th Cir. 2016)); *see also Gutman v. Malen & Assocs.*, No. 19-CV-5853 (BMC), 2021 WL 79330, at *3 (E.D.N.Y. Jan. 10, 2021) (granting summary judgment in favor of debt collector and holding that "[a] misrepresentation to the state court concerning a procedural defect that does not mislead plaintiff in her repayment of or challenge to the debt is thus not a violation of the FDCPA"). This case is analogous to *Smith*. Plaintiff has pleaded no facts that Defendant's filing of the Second Amended Complaint was anything more than a good-faith attempt to collect a debt and has failed to allege that Defendant made false, deceptive, or misleading representations in violation of § 1692e. Moreover, Plaintiff has failed to articulate how Defendant's alleged omission concerning the

13

procedural posture of the case misled Plaintiff in any way. For all these reasons, Plaintiff's completely conclusory FDCPA claim based on Defendant's alleged lack of candor to the state court fails as a matter of law and must be dismissed.

Because both of Plaintiff's new claims in his Proposed Amended Complaint would fail to withstand a motion to dismiss under Rule 12(b)(6) the Court finds that amending the Complaint in this matter would be futile. Accordingly, the Court will deny Plaintiff's Motion for Leave.

### IV. Conclusion

For the reasons explained above, the Court will grant Defendant's Motion to Dismiss [R. 6] and deny Plaintiff's Motion for Leave [R. 8]. Accordingly, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. Defendant James E. Bruce's Motion to Dismiss Plaintiff's Complaint **[R. 6]** is **GRANTED**. This action is **DISMISSED with prejudice**.

2. Plaintiff Jack Keith's Motion for Leave to File His First Amended Complaint **[R. 8]** is **DENIED**.

3. A separate Judgment will be entered consistent with this Order.

This the 9th day of June, 2021.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY