# UNITED STATES DISTRICT COURT
Western District of Kentucky
Louisville Division

| | |
|---|---|
| Jack Keith )<br>    *Plaintiff* )<br> )<br>v. )<br> )<br>James E. Bruce )<br>    *Defendant* )<br> ) | Case No.  3:20-cv-00766-CHB |

**PLAINTIFF'S MOTION TO STRIKE THE PLEADINGS/BRIEFING FILED IN THIS CASE FROM THE *BOUYE* CASE STILL PENDING BEFORE FEDERAL JUDGE DAVID J. HALE;**

**PLAINTIFF'S MOTION TO STRIKE ALL REFERENCES IN DEFENDANT'S MEMORANDUM [DE 15] TO THE PLEADINGS/BRIEFING FILED IN THE *BOUYE* CASE STILL PENDING BEFORE FEDERAL JUDGE DAVID J. HALE;**

**AND**

**PLAINTIFF'S MOTION TO STRIKE ALL REFERENCES IN DEFENDANT'S MEMORANDUM TO THE FRE 408 SETTLEMENT COMMUNICATIONS BETWEEN PARTIES' COUNSEL FILED BY DEFENDANT AND ALL REFERENCES TO SUCH COMMUNICATIONS**

Comes the Plaintiff, Jack Keith, by counsel, and hereby moves to strike all the exhibits and references to such exhibits in the motion and memorandum filed by Defendant James E. Bruce in support of his "Motion for Attorney Fees" [DE 15], being Exhibits A-I (the "Exhibits") [DE 15-1—DE 15-9]. These Exhibits wholly consist of inadmissible FRE 408 settlement communications between parties' counsel and case documents from a case still pending before District Judge David J. Hale, *Zahra Bouye v. James E. Bruce,* Case No. 3:20-cv-00201-DJH-RSE.  Therefore, Plaintiff moves to strike not only the Exhibits but also all references to and discussion of such Exhibits by Defendant in his memorandum.  Plaintiff makes his motion on the following grounds:

(1) The *Bouye* case documents have no bearing on Defendant's motion in any respect, nor can they, since the *Bouye* case is still pending before Judge Hale and the very issue for which Defendant introduces such case documents is undecided. Introduction of the *Bouye* documents before this court is highly prejudicial to Plaintiff and they bear no relation to Defendant's motion here.[1]  Tantamount to introduction of improper, inadmissible influences requiring a mistrial, what Defendant Bruce and counsel have done here is a blatant attempt to prejudice a trier of fact by introduction of inadmissible influences.

(2) FRE 408 specifically prohibits settlement offers and negotiations between parties.  FRE 408(a) specifically prohibits and makes inadmissible "[e]vidence . . . on behalf of any party— either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction," and further FRE 408(a)(2) likewise makes inadmissible evidence of "conduct or a statement made during compromise negotiations about the claim… ."

What Defendant and counsel have done here by their introduction of electronic mail communications, **labled by them as FRE 408 communications**, is precisely that which is prohibited by FRE 408.  Introduction by filing the FRE 408 communications in the record here is precisely what FRE 408 is prohibits.

Rule 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). A court may strike

---

[1] By his tactic of filing only one side of the *Bouye* case story, Defendant Bruce attempts to force Plaintiff and his counsel to participate in the corruption of the record in this case with improper filings of their own from the *Bouye* case, but Plaintiff and counsel will not participate.  If the Court after being fully informed determines, on a just and proper record, that sanctions are appropriate against Plaintiff or his counsel, so be it. **But what Defendant Bruce and his counsel have done here in corrupting the record in an attempt to make this Court itself adjudicate the *Bouye* case, still pending before Judge Hale, is outrageous, unjust, and should not be tolerated.** To the extent it matters or has any efficacy, Plaintiff hereby moves for sanctions for Defendant's conduct pursuant to FRCP 11; 28 U.S.C. §1927, and the inherent power of this Court.

portions of the pleading acting on its own initiative or "on a motion made by a party ... before responding to the pleading." Id. District courts have ample discretion to strike filings under Rule 12(f), and their decisions are reviewed only for abuse of that discretion. *Hemlock Semiconductor Operations, LLC v. SolarWorld Indus. Sachsen GmbH,* 867 F.3d 692, 697 (6th Cir. 2017); see also *Van Loo v. Cajun Operating Co.*, 64 F. Supp. 3d 1007, 1012 (E.D. Mich. 2014) ("A court has 'liberal discretion to strike such filings' as it deems appropriate under Rule 12(f)." (citation omitted)).

Plaintiff acknowledges that, while motions to strike under Rule 12(f) are within the sound discretion of the Court, they are generally disfavored. *Ameriwood Indus. Intern. Corp. v. Arthur Andersen & Co.*, 961 F.Supp. 1078, 1083 (W.D.Mich.1997) (citing *Fed. Sav. & Loan Ins. Corp. v. Burdette*, 696 F.Supp. 1183, 1186 (E.D.Tenn.1988); *FDIC v. Butcher*, 660 F.Supp. 1274, 1277 (E.D.Tenn.1987); *FDIC v. Berry*, 659 F.Supp. 1475, 1479 (E.D.Tenn.1987)). However, while striking a pleading is a drastic remedy to be resorted to only when required for the purposes of justice (see *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir.1953), "a motion to strike **should be granted** where there is a clear showing that the challenged defense [pleading] **has no bearing on the subject matter and that permitting the matter to stand would prejudice the party**. *Ameriwood*, 1078 F. Supp. at 1083. (bolding added).

All five exhibits included emails between Plaintiff's counsel and Mr. Bruce's counsel that were sent and received in settlement negotiations. Mr. Bruce relies on these emails for purposes of establishing liability, or the lack of liability, in violation of the spirit and purpose of FRE 408. "The clear purpose of FRE 408 is to prevent settlement discussions from being used to establish liability in a case. As a result, parties can engage in full and frank settlement discussions without fear that their statements will be taken out of context and used to their detriment in court." *Elliott*

*v. Station*, No. 3:11-CV-01536-ST, 2012 WL 2375000, at *2 (D. Or. June 22, 2012); *Rhoades v. Avon Prods.,* 504 F.3d 1151, 1161 (9th Cir. 2007) ("Rule 408 is designed to ensure that parties may make offers during settlement negotiations without fear that those same offers will be used to establish liability should settlement efforts fail.")

Undersigned counsel has been engaged in litigation with opposing counsel for over five years in numerous cases. Undersigned counsel will certainly be far more hesitant from here to engage in settlement negotiations with opposing counsel and will be wary when doing so. This is exactly the kind of chill on free exchange in settlement discussions between parties and counsel that FRE 408 is meant to prevent.

Therefore, Plaintiff Jack Keith requests that the Court strike the Exhibits A-I [DE 15-1—DE 15-9] filed by Defendant James E. Bruce in his Motion for Attorney's Fees and Memorandum in Support [DE 15] and that the Court not consider the Exhibits or references to them for any purpose.

Respectfully submitted,

/s/ James R. McKenzie
James R. McKenzie
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Avenue, Suite 5
Louisville, KY 40207
Tel: (502) 371-2179
Fax: (502) 257-7309
E-mail: jmckenzie@jmckenzielaw.com
*Counsel for Plaintiff*
*Jack Keith*

James H. Lawson
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 5
Louisville, KY 40207
Tel: (502) 473-6525
Fax: (502) 473-6561
E-mail: james@kyconsumerlaw.com

*Counsel for Plaintiff*
*Jack Keith*

## CERTIFICATE OF SERVICE

 I hereby certify that on the 23rd day of July, 2021, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic to all counsel and parties of record.

    /s/ James R. McKenzie
    James R. McKenzie
    *Counsel for Plaintiff*
    *Jack Keith*